# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

---

## Northrup *v.* Pike Township, Appellant.

*Judgments—Court records—Decree, Q. S.—Defects—Collateral review—Evidence.*

1. Where the Quarter Sessions has jurisdiction of the subject matter and of the parties, its decree is not subject to review in a collateral proceeding in the Common Pleas.

2. In an action against a township to recover damages for injuries caused by the negligence of township supervisors in not keeping a road in repair, a record of the Quarter Sessions showing the opening as a public highway of the road upon which the accident occurred is properly admissible in behalf of plaintiff, regardless of alleged defects in the proceedings.

Argued May 6, 1913. Appeal, No. 120, Jan. T., 1913, by defendants, from judgment of C. P. Potter Co., March T., 1911, No. 112, on verdict for plaintiff in case of Frank D. Northrup v. The Township of Pike, Charles Deitrick, John Nelson and Thomas Dunn, Supervisors. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries, Before ORMEROD, P. J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $4,240, and judgment thereon. Defendants appealed.

*Error assigned* was in the admission of certain evidence referred to in the opinion of the Supreme Court.

*W. F. DuBois* and *W. K. Swetland* filed a paper book for appellee.

*A. S. Heck,* with him *V. D. Acker,* for appellants.

PER CURIAM, June 27, 1913:

On the trial of an action to recover for injuries caused by the negligence of township supervisors in not keeping a bridge in repair, the plaintiff, in order to show that the bridge was part of a public road, offered in evidence the record of the Quarter Sessions in a proceeding by which a part of an old road was changed from its original location. The record was admitted under objection and followed by proof that the original road was laid out in 1828; that in 1905, on petition of the supervisors and others, a jury of view was appointed to report on proposed changes in the road; that the jury reported in favor of the changes and on the confirmation of their report a part of the old road was vacated in 1906 and a new road, on which the accident occurred, was opened and has since been maintained by the supervisors at the expense of the township. The only objection to the admission of the record of the Quarter Sessions that was made at the trial and is now insisted upon, was that the proceedings in that court were defective because of the failure of the jury to find certain facts that it is claimed were essential to the validity of the proceeding. It is a sufficient answer to this objection to say that since the Quarter Sessions had jurisdiction of the subject matter and of the parties, its decree was not subject to review

in a collateral proceeding in the Common Pleas: Crescent Township v. Railroad Co., 210 Pa. 334.

The judgment is affirmed.