# McCully's Estate.

*Wills—Legacy to church—Consolidated church—Surrender of charter—Charity—Statutes—Acts of July 7, 1885, P. L. 259, and May 9, 1889, P. L. 173, and May 23, 1895, P. L. 114.*

1. Where a legacy is given to a church which, after the making of the will but before the death of testator, has been consolidated with another church of the same denomination, carrying on the same work in the same neighborhood, and thereafter the legatee named surrenders its charter, the object of the trust does not cease to exist within the meaning of the Act of July 7, 1885, P. L. 259, and the legacy will be awarded to the consolidated church.

2. The Act of 1885 relates to gifts "for any religious, charitable, literary, educational and scientific use or purpose," and not to gifts to corporations organized for such purposes.

3. In construing a statute, words not technical must be given their ordinary meaning, unless the context compels the contrary conclusion.

4. Statutes must be so construed, if possible, as to render them harmonious throughout.

5. While the Act of 1885, within the scope covered by it, was intended to and for the time being did destroy the cy pres doctrine of the State, it was restored, at least in part, by the Acts of May 9, 1889, P. L. 173, and May 23, 1895, P. L. 114.

6. Under these acts the heir at law cannot claim a legacy given to a corporation organized for religious, charitable, literary, educational or scientific purposes, because of the dissolution of the corporation, but it would be "the duty of the court by its decrees to carry into effect the intent of the testator, so far as the same can be ascertained and carried into effect, consistently with law or equity."

Argued October 18, 1920. Appeal, No. 159, Oct. T., 1920, by Jane McCully and Mary McCully Black, next of kin, from decree of O. C. Allegheny Co., April T., 1920, No. 261, dismissing exceptions to adjudication in estate of Ann McCully. Before BROWN, C. J., MOSCH-ZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to adjudication.

The opinion of the Supreme Court states the facts.

The court, in an opinion by MILLER, P. J., dismissed the exceptions to the adjudication: see 68 Pitts. L. J. 744. Jane McCully and Mary McCully Black, next of kin, appealed.

*Error assigned* was the decree of court, quoting it.

*William Boyd Duff*, with him *Howard Zacharias*, for appellant.—Under the Act of July 7, 1885, and its supplements the bequest should have been held to have lapsed and should have gone to the heirs at law and next of kin of decedent: Alter's Est., 4 Pa. C. C. R. 558;

Harmon v. Romberger, 18 Pa. Dist. R. 486; Kortright's Est., 237 Pa. 143; Toner's Est., 260 Pa. 49.

The court's attention is called to the apparent distinction made in the words used in the Act of July 7, 1885, and in the later Acts of May 9, 1889, and May 23, 1895, in reference to the objects of the trust ceasing to exist, and the apparent reference in the language of the Act of July 7, 1885, is the nonexistence of the object of the trust at the time of the death of testator: Scott's Est., 47 Pa. C. C. R. 366.

The doctrine of cy pres has no application in this case.

*W. G. Negley,* for appellee.—The gift in this case is a charity. The devisee named is only intended to administer the funds. The charity is definitely created in the will. A definite subject or object of this charity is declared; and it only remains for a court of chancery to carry out the intent of testatrix: Frazier v. St. Luke's Church, 147 Pa. 256; Toner's Est., 260 Pa. 49; Centennial & Memorial Assn. of Val. Forge, 235 Pa. 206; Kortright's Est., 237 Pa. 143; Steven's Est., 200 Pa. 318; Scott's Est., 28 Pa. Dis. R. 292; Dougherty's Est., 25 Id. 1111; Capper's Est., 21 Id. 1085; Cromwell's Est., 18 Id. 157.

OPINION BY MR. JUSTICE SIMPSON, December 31, 1920:

Testatrix was a member of Grace Presbyterian Church of Pittsburgh, and by her will bequeathed to it one-half of her residuary estate. This church, and another of the same denomination in the immediate neighborhood, performed the same religious work in substantially the same field. Some time after the making of the will, the two churches united and formed the Waverly Presbyterian Church, Grace Presbyterian Church thereupon surrendering its charter and being dissolved by decree of court. All the members of the constituent churches, including testatrix, became members of the combined church, which thereafter carried on the same work in the

same places as the two had previously done. When testatrix died she was still a member of Waverly Presbyterian Church, but had not changed the name of the legatee in her will, and, upon the audit of the account of her executor, the Waverly Presbyterian Church and her next of kin each claimed the one-half which had been bequeathed to Grace Presbyterian Church; the contention of the next of kin being founded solely upon the Act of July 7, 1885, P. L. 259. The court below awarded the fund to the church, whereupon certain of the next of kin prosecuted this appeal.

The Act of 1885 provides: "That in the disposition of property by will made or to be made for any religious, charitable, literary, educational or scientific use or purpose, if the same shall be void for uncertainty, or the object of the trust be not ascertainable, or has ceased to exist or be an unlawful perpetuity, such property shall go to the heirs at law and next of kin of the decedent as in the case of persons who have died or may die intestate."

Appellants claim that when Grace Presbyterian Church was dissolved it "ceased to exist" within the meaning of this act, and therefore they are entitled to the fund. It is certain the church did then "cease to exist"; but it is clear it is the "object of the trust," and not the beneficiary named in a will, which must "cease to exist," before the next of kin can claim the property. This is evident when the balance of the section is considered. It does not refer to gifts *to* religious, charitable, literary, educational or scientific corporations or associations, but to those *"for* any religious, charitable, literary, educational or scientific *use or purpose"*; and hence it is only gifts *for* such "use or purpose" which "shall be void for uncertainty," and this irrespective of the legatee or devisee named in the will to receive it. So also a particular beneficiary could not "be an unlawful perpetuity," though a grant for a specified "use or purpose" might constitute one, no matter

who received it. It is true, by giving to the words "object of the trust" a most unusual meaning, it might be supposed a legatee or devisee named was the "object of the trust" which was "not ascertainable" or had "ceased to exist." But this would violate two cardinal rules of construction (a) that words, not technical, must be given their plain meaning unless the context compels a contrary conclusion, and (b) they must be so interpreted, if possible, as to render the paragraph harmonious throughout, ex antecedentibus ex consequentibus fit optima interpretatio. The collocation of the words in this act shows that the "object" refers to the "trust" and not to the trustee; and this construction gives to the entire section a consistent meaning, for it then always refers to the "use or purpose" of the trust and the "object of the trust" provided for in the will,—which mean substantially the same thing,—and not to the particular beneficiary in any of the events for which provision is made. This compels the conclusion that the "object of the trust" in the present instance, did not "cease to exist" by the consolidation of the two churches and the dissolution of Grace Presbyterian Church. Appellants have, therefore, no interest in the fund, and no standing to contest the decree.

Moreover, while the Act of 1885, within the scope covered by it, was intended to and for the time being did destroy pro tanto the cy pres doctrine of the State, it was restored, at least so far as the present question is concerned, by the Acts of May 9, 1889, P. L. 173, and May 23, 1895, P. L. 114. The former provides "that no disposition of property heretofore or hereafter made for any religious or charitable use, shall fail......by reason of the object ceasing......or being given in perpetuity......but it shall be the duty of any court...... by its decrees to carry into effect the intent of the donor or testator, so far as the same can be ascertained and carried into effect consistently with law or equity." The Act of 1895 contains substantially the same language.

The gift here was certainly to a religious use, and hence, under these acts also, appellants have no interest in the fund: Kortright's Est. (No. 2), 237 Pa. 143; Toner's Est., 260 Pa. 49.

The appeal is dismissed at the costs of appellants.