# Carrere et al. *v.* Schmidt, Appellant.

*Bridges—County bridges—Construction—County commissioners —Quarter sessions—Original bridges—New instead of old bridge— Acts of February 14, 1907, P. L. 3; June 12, 1907, P. L. 523, and March 23, 1917, P. L. 12—Practice, Q. S.—Statutes—Repeal.*

1. Where two statutes are passed at the same session of the legislature, each must, if possible, be given full effect without one infringing upon the domain of the other.

2. The Act of February 14, 1907, P. L. 3, relating to the construction of bridges is not repealed by the later Act of June 12, 1907, P. L. 523.

3. Under the Act of February 14, 1907, P. L. 3, the initiation of a movement for a new bridge to replace an inadequate one, lies with the county commissioners, and they proceed as outlined in that statute, and the court proceeds as directed therein.

4. Under the Act of June 12, 1907, P. L. 523, the project must be instituted, not by the county commissioners, but by the proper authorities of a city or borough, or the supervisors of a township, or on the petition of any of the inhabitants of any of these municipal divisions.

5. The Act of March 23, 1917, P. L. 12, contemplates an entirely different situation from that covered by the Acts of 1907, and provides for the location and construction of original bridges and does not cover the replacement of old bridges with new ones.

6. A petition by the county commissioners setting forth that an existing bridge is not sufficient to accommodate the public, and that a new and sufficient bridge should be erected, and praying the court and the grand jury to approve the construction of the new bridge, is proper, under the Act of February 14, 1907, P. L. 3, and, if allowed, the commissioners may legally contract for the construction of such bridge.

Argued October 3, 1923.    Appeal, No. 88, Jan. T., 1924, by defendant, from order of C. P. Luzerne Co., March T., 1923, No. 252, awarding peremptory mandamus, in case of Carrere and Hastings and Benjamin H. Davis v. Paul J. Schmidt, Controller of Luzerne County. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

458     CARRERE et al. *v.* SCHMIDT, Appellant.

Petition for mandamus.   Before FULLER, P. J.

,The opinion of the Supreme Court states the facts.

Demurrer to answer sustained and mandamus awarded, 22 Luzerne Leg. Reg. 305.   Defendant, controller, appealed.

*Error assigned* was order, quoting record.

*W. A. Valentine,* for appellant.—The Act of February 14, 1907, P. L. 3, was repealed by the later Act of June 12, 1907, P. L. 523: Kuss's Case, 60 Pa. Superior Ct. 372.

If the earlier act was not repealed, the Acts of 1907 must be construed in pari materia: Com. v. Marshall, 3 W. N. C. 182, 185; Supervisors v. U. S., 4 Wallace 435; Com. v. Councils, 34 Pa. 496, 513.

The erection of county bridges is regulated by statute and all of the statutory provisions must be strictly complied with in order to make the proceedings effective and place the burden on the county: Com. v. Baker, 212 Pa. 230; Com. v. Bowman, 218 Pa. 330; Pittsburgh, etc., R. R. v. Lawrence Co., 198 Pa. 1; Broad St. Bridge, 35 Pa. C. C. R 129; Osterling v. Allegheny Co., 272 Pa. 458; Bullitt v. Phila., 230 Pa. 544.

*John Hampton Barnes,* of *Barnes, Biddle & Morris,* for appellees, cited: Schuylkill Co. Bridges, 48 Pa. C. C. R. 167; Com. v. DeCamp, 177 Pa. 112; Jackson v. R. R., 228 Pa. 566.

OPINION BY MR. JUSTICE SCHAFFER, January 7, 1924:

This is a mandamus proceeding to compel the controller of Luzerne County to audit and approve the bill of plaintiffs for engineering and architectural services in connection with the preparation of plans for a bridge over the Susquehanna River in that county to take the place of.an old one.   No question is raised as to the services rendered or their value, the sole contention of the controller being that the proceedings for the new bridge

were not instituted in the court of quarter sessions in compliance with law.

The initiation of the movement for the new bridge was by the county commissioners, who filed a petition in the quarter sessions under the Act of February 14, 1907, P. L. 3, in which they set forth that the existing bridge was not sufficient to accommodate public travel and that a new and sufficient bridge should be erected, praying the court and the grand jury to approve the construction of the new bridge.

The position of the controller is that the Act of February 14, 1907, P. L. 3, was repealed by a later act passed at the same session, that of June 12, 1907, P. L. 523, and that the proceeding should have been under the Act of March 23, 1917, P. L. 12, which he avers covers not only the erection of original bridges but, read in connection with the Act of June 12, 1907, the construction of new ones in place of old ones as well.

Other considerations are suggested by appellee as available to it in compelling the controller to act;—that he has no standing to refuse official action under the circumstances as they appear, because of the limitation of his powers, as pointed out in Com. v. Tice, 272 Pa. 447, and because plaintiffs are protected by the decree of the court of quarter sessions authorizing the building of the bridge, which cannot be collaterally questioned by the common pleas in this proceeding, according to such cases as Crescent Township v. Pittsburgh & Lake Erie R. R. Co., 210 Pa. 334; Com. v. Harvey, 222 Pa. 214; Northrup v. Pike Township, 242 Pa. 1; Powell v. Scranton, 227 Pa. 604; In re Gottesfeld, 245 Pa. 314. Interesting as these propositions might be if we were forced to consider them in order to determine the case, we think they can be passed over without conclusion either one way or the other, for the reason that, in our opinion, a critical examination of the acts of assembly in question shows the proceeding called in question was in conformity with law.

The Act of February 14, 1907, P. L. 3, in extenso is as follows: "An act enlarging the powers of county commissioners to erect county bridges; empowering them to erect and construct new bridges whenever the existing bridge or bridges are not sufficient, for any cause, to accommodate the public travel. Section 1. Be it enacted, etc., That whenever it shall appear to the commissioners of any county that any county bridge, heretofore, or hereafter to be, erected or constructed, is not sufficient for any cause to accommodate the public travel, it shall be lawful for the said commissioners to erect and construct a new and sufficient bridge to take the place of the then existing bridge: Provided, however, that said commissioners first have the approval of the court of quarter sessions and of the grand jury of the proper county. The said new bridge when constructed shall be a county bridge."

It will thus be seen, that by its express language this statute relates to the construction of new bridges when existing bridges are not sufficient to accommodate the public travel and prescribes that the commissioners shall obtain the approval of the court of quarter sessions and of the grand jury before constructing the new bridge. Action for the new bridge under this statute is to be initiated by the county commissioners.

The Act of June 12, 1907, P. L. 523, is an amendment to section 35 of the Act of June 13, 1836, P. L. 551, relating to roads, highways and bridges. It provides a different procedure as the terms of the amendment disclose: "When a river, creek, or rivulet, over which it may be necessary to erect and construct a bridge, crosses a public street, road or highway, in any city, borough, or township of this Commonwealth, and the erecting and constructing of such bridge requires more expense than it is reasonable that the respective city, borough, township or townships, or any two of them when they are adjoining, should bear, the court, having jurisdiction as aforesaid, shall, upon the representation of the proper

authorities of the respective city or borough, or of the supervisors of the township, or on the petition of any of the inhabitants of the respective city, borough or township, order a view in the manner provided for in the case of roads; and if, on the report of the viewers, it shall appear to the court, grand jury and commissioners of the county that such bridge is necessary, and would be too expensive for such city, borough, township or townships, or any two of them adjoining, to bear, it shall be entered on record as a county bridge. Should any county bridge, whether heretofore or hereafter erected, be insufficient, for any cause, to accommodate the public travel, it shall be lawful to proceed in said court by petition, in the manner aforesaid, with like proceedings and with the same effect as if the petition was for an original county bridge; and, upon the approval of the court, grand jury, and county commissioners, a new bridge may be erected and constructed to take the place of the bridge then existing."

It is the last sentence of this quotation which is relied upon by the controller to sustain his refusal to act, and his contention is that in effect this later act repeals the former one, as it indicates an entirely different course of procedure: a view and the finding of necessity for the new bridge by the court, grand jury and commissioners; and that this course of proceeding is required, because in its concluding sentence applicable to bridges insufficient to accommodate public travel and authorizing new ones, it says, "it shall be lawful to proceed in said court by petition, in the manner aforesaid, with like proceedings and with the same effect as if the petition was for an original county bridge." Let note be made of the fact that this act covers instances where the proceeding for the new bridge is initiated by the "authorities of the respective city or borough, or of the supervisors of the township, or on the petition of any of the inhabitants of the respective city, borough or township" and not by the county commissioners as the prior act provides.

Contending that the later act, although not expressly so doing, impliedly repeals the earlier one, appellant further contends that as the later act provides for proceedings "as if the petition was for an original county bridge" and as the act in force regulating the construction of original bridges when the petition in this case was presented in 1919 was the Act of March 23, 1917, P. L. 12, that the requirements of that statute should have been followed and as they were not, the contract with plaintiffs was a nullity.

We think the two Acts of 1907 can be read together and that they provide a complete course of procedure (modified possibly by the Act of 1917) where an original bridge is to be located or constructed, or where an existing bridge is inadequate to accommodate public travel and a new one is desired. Under the earlier act, the initiation of the movement for the new bridge lies with the county commissioners and they proceed as outlined in that statute and the court proceeds as directed therein. Under the later act, the project must be initiated not by the county commissioners but by the proper authorities of a city or borough, or the supervisors of a township or on petition of any of the inhabitants of these municipal divisions. The language in the last sentence of the second act, "it shall be lawful to proceed in said court by petition, in the manner aforesaid, with like proceedings and with the same effect as if the petition was for an original county bridge" means that these proceedings shall be followed when the project is initiated by others than the county commissioners. In this view, the provisions of the Act of 1917 become inconsequential, for the reason that the last Act of 1907 provides for proceedings "in the manner aforesaid, with like proceedings and with the same effect as if the petition was for an original county bridge," that is to say, for an original county bridge provided for by the preceding part of this amending section.

Where two statutes are passed at the same session of the legislature, each must, if possible, be given full effect without one infringing upon the domain of the other: Lincoln v. National Tube Co., 268 Pa. 504; Buttorff v. York, 268 Pa. 143; White v. Meadville, 177 Pa. 643.

The Act of 1917 contemplates an entirely different situation and provides for the *location and construction of original bridges* and does not cover the replacement of old bridges with new ones. The language of the later Act of 1907 could not be held to provide for proceedings by county commissioners under the Act of 1917, because of the words "it shall be lawful to proceed in said court by petition, *in the manner aforesaid,* with like proceedings and with the same effect as if the petition was for an original county bridge" inasmuch as the direction is to proceed by petition "in the manner aforesaid" which means, of course, in the manner provided by the prior language of the section which, as before stated, covers proceedings initiated by persons other than the county commissioners.

We therefore conclude, that the proceedings before us commenced by the county commissioners under the Act of February 14, 1907, were regular, that they had authority to enter into the contract with plaintiffs, and the action of the court in awarding a peremptory mandamus was proper.

The judgment is affirmed.