## Commonwealth v. Joseph Sweeney.

*Constitutional law—Amendment of statutes—Indeterminate sentences—Ludlow Act of June 29, 1923—Const. of Penna., art. iii, sects. 3, 6 and 7; art. v, sect. 1.*

1. The Act of June 29, 1923, P. L. 975, commonly known as the Ludlow Act, purporting in its title to amend section 6 of the Act of June 19, 1911, P. L. 1055, and providing that the minimum shall not exceed one-half of the maximum sentence, thereby amends other penal statutes by reducing the sentences to imprisonment fixed therein, and, therefore, is in conflict with section 3, article iii, of the Constitution, as it contains more than one subject which is not clearly expressed in its title.

2. The act is also in conflict with section 6 of article iii of the Constitution, since it attempts to amend and repeal many statutes fixing sentences, in disregard of the constitutional provision that no law shall be amended by reference to its title only, but so much thereof as is amended shall be re-enacted and published at length.

3. The act is also in conflict with section 1 of article v of the Constitution, in that it usurps a judicial function by directing the discretion of the courts in such cases.

4. The act has improperly classified convicts of the same grade in violation of section 7, article iii, of the Constitution, by extending to those committed to county jails, houses of correction or workhouses the advantage of being discharged by the courts at any time, and by restricting those in penitentiaries to the parole provisions of the Act of June 19, 1911, P. L. 1055.

Murder. O. and T. Phila. Co., May Sess., 1923, No. 66.

*Maurice J. Speiser*, Assistant District Attorney (with him *Samuel P. Rotan*, District Attorney), for Commonwealth.

*Thomas J. Minnick, Jr.*, for defendant.

McDevitt, J., Sept. 15, 1924.—The defendant, Sweeney, was one of five charged with the murder of John C. Emgable. His four companions were convicted of murder of the first degree. One has been electrocuted. Two have been sentenced to death. The fourth is awaiting sentence.

Sweeney was convicted of murder of the second degree. He was sentenced to serve a term of not less than eighteen and not more than twenty years in solitary confinement at hard labor in the Eastern State Penitentiary.

He has appealed from this sentence on the ground that it violates the provisions of an Act approved June 29, 1923, P. L. 975, hereinafter referred to as the Ludlow Act. The court is of the opinion that the act violates the Constitution of Pennsylvania, and that, consequently, it was not obliged to sentence Sweeney under its terms, which provide that the minimum should not exceed 50 per cent. of the maximum sentence, and would have meant ten years' imprisonment for the murderer.

It has been well said that when courts are called upon to pronounce the invalidity of an act of legislation passed with all the forms and ceremonies requisite to give it the force of law, they should approach the question with care and caution, examine it in every possible aspect, ponder upon it as long as deliberation and patient attention can throw any new light upon the subject, and never declare a statute void unless the nullity and invalidity of the act are placed, in their judgment, beyond reasonable doubt. A reasonable doubt must be resolved in favor of the legislative action and the act be sustained.

"It is but a decent respect due to the wisdom, the integrity and the patriotism of the legislative body by which any law is passed to presume in favor of its validity until its violation of the Constitution is proved beyond a reasonable doubt:" Ogden *v.* Saunders, 12 Wheaton, 213.

It is with a full realization of the sound doctrine thus established and strictly adhered to by Pennsylvania courts that this court approaches consideration of the constitutionality of the Ludlow Act.

Our fundamental law, the Constitution, divides our government into three branches—the legislative, the judicial and the executive. No better exposition of such division could be quoted than that which appears at pages 227 and 228 in Cooley on Constitutional Limitations:

"The Constitution apportions the powers of government, but it does not make any one of the three departments subordinate to another when exercising the trust committed to it.

"The courts may declare legislative enactments unconstitutional and void in some cases, but not because the judicial power is superior in degree or dignity to the legislative. Being required to declare what the law is in the cases which come before them, they must enforce the Constitution as the paramount law whenever a legislative enactment comes in conflict with it.

"But the courts sit not to review or revise the legislative action, but to enforce the legislative will, and it is only where they find that the legislature has failed to keep within its constitutional limits that they are at liberty to disregard its action, and in so doing they only do what any private citizen may do in respect to the mandates of the courts when the judges assume to act and to render judgments or decrees without jurisdiction.

"In exercising this high authority, the judges claim no judicial supremacy; they are only the administrators of the public will. If an act of the legislature is held void, it is not because the judges have any control over the legislative power, but because the act is forbidden by the Constitution and because the will of the people, which is therein declared, is paramount to that of their representatives expressed in any law." See Greenough *v.* Greenough, 11 Pa. 489; West Branch Boom Co. *v.* Dodge, 31 Pa. 285.

The validity of the Ludlow Act is questioned by the court because it violates section 3 of article III, section 6 of article III, section 7 of article III, section 1 of article V and section 26 of article V of the Constitution of Pennsylvania.

And in determining that question we are governed by the rules laid down by the Supreme Court, that all acts *in pari materia* (Pennsylvania State Camp, P. O. S. of A., 261 Pa. 184; Carrere et al. *v.* Schmidt, 278 Pa. 457) should be considered. The court considers the following as relevant: An Act approved May 10, 1909, P. L. 495; an Act approved June 19, 1911, P. L. 1055; an Act approved June 19, 1911, P. L. 1059; an Act approved May 5, 1921, P. L. 379; an Act approved May 11, 1923, P. L. 204; an Act approved June 29, 1923, P. L. 975; an Act approved July 11, 1923, P. L. 1044.

Commonwealth v. Joseph Sweeney.

The Ludlow Act sets forth as its purpose in its title "to amend section 6 of the Act of June 19, 1911, P. L. 1055." In addition to amending section 6, it in reality amends every act of assembly covering crimes punishable by a penitentiary sentence.

In the City of Philadelphia, in 1923, there were five convictions of murder of the first degree, thirty-six convictions of murder of the second degree, and twenty-four convictions of manslaughter, many of which cases presented facts and circumstances of the most vicious character.

Under the provisions of the Ludlow Act, ten years' imprisonment is the longest term that can be imposed upon any convict sentenced for second degree murder, and six years for manslaughter. Should the most unconscionable fiend be convicted of rape—upon an innocent child of tender years— and deserving of the fifteen-year sentence fixed by law, the Ludlow Act would guarantee to him a term of not more than seven and a-half years' imprisonment. And if, in the course of every-day prison affairs, such convict should be transferred to a county prison, as is done daily under the Transfer Act of July 11, 1923, P. L. 1044, the Court of Quarter Sessions and of Oyer and Terminer having jurisdiction in the respective districts would have a right, if it saw fit (Act of May 11, 1923, P. L. 204), to release such prisoner at any time, regardless of the time fixed by the minimum sentence imposed.

Since the language used in the acts governing arson, aggravated and felonious assault and battery, burglary, murder of the second degree, manslaughter, mayhem, rape, robbery, treason and the other major crimes is "shall be sentenced to undergo an imprisonment," we must construe words in their ordinary, every-day meaning, and the imprisonment now can only be one-half of the maximum heretofore: Blake v. Wilson, 268 Pa. 469; McCully's Estate, 269 Pa. 122; Collins v. Kephart, 271 Pa. 428. Considering the effect upon sentences, there can be no doubt of the Ludlow Act amending all acts where the crime is punishable by imprisonment in a penitentiary, notwithstanding the fact that if there ever was a time when severe sentences should be imposed, it is now, when crimes of violence are so numerous and apparently unchecked.

It is not pretended that the Ludlow Act sets forth in its title, or the language of the body of the act, any intention to amend the several acts of assembly fixing sentences; nor does it give notice that new terms of imprisonment are to be imposed for violation of the several acts of assembly affected. It seems plain, therefore, that the act violates section 3 and section 6 of article III of the Constitution of Pennsylvania.

In addition to violating the sections of the Constitution above cited, the Ludlow Act—if its language is followed to a logical conclusion—will be found to violate not only other sections of the Constitution, but to be unworkable concerning paroles and to nullify the Transfer Act.

Paroles and indeterminate sentences for penitentiary inmates were first provided in the Act of May 10, 1909, P. L. 495, which was supplanted by the Act of June 19, 1911, P. L. 1055.

The Act of June 19, 1911, P. L. 1059, originally governed paroles from institutions other than penitentiaries.

The Act of June 19, 1911, P. L. 1055, is amended by the Ludlow Act, and its provisions extended to inmates of institutions other than penitentiaries, while the second Act of June 19, 1911, P. L. 1059 (as amended), is amended by the Act of May 11, 1923, P. L. 204.

The Ludlow Act makes no provision for paroling prisoners serving indeterminate sentences in other than penitentiaries, and the Act of May 11, 1923,

gives the courts authority "to release on parole any convict in the county jail, house of correction or workhouse of their respective district." Considering this provision in conjunction with the Act of July 11, 1923, P. L. 1044, known as the Transfer Act (which was intended to permit the transfer of prisoners from one penal institution to another), the purpose of the latter is nullified. The Ludlow Act, by citing the title of the County Prison Parole Act of 1911, its supplements and amendments, would make it possible, when a prisoner is transferred from a penitentiary to a county prison, for the courts to arbitrarily rescind the indeterminate sentence imposed upon the prisoner when he was sentenced to the penitentiary and to parole him at any time.

The failure to provide a system of parole for prisoners serving indeterminate sentences in county prisons, similar to the system provided for convicts in penitentiaries, creates an improper classification of subjects of the same grade (felons), and, therefore, violates section 7 of article III of the Constitution of Pennsylvania. See Ayar's Appeal, 122 Pa. 266; Seabolt v. County Commissioners, 187 Pa. 318; Com. v. Grossman, 248 Pa. 11; Com. v. Puder, 261 Pa. 128; Germantown Trust Co. v. Powell, 265 Pa. 71; Lyddy v. Long Island City, 104 N. Y. 218.

If the purpose of the Ludlow Act was to amend section 6 of the Act of 1911, in order to extend its provisions to county prisons, etc., the title of the act and such sections as relate to penitentiaries should have been amended in order that its terms might apply equally to "other institution of this State, or in any county or municipal institution," as is written in the body of the act. At present, the title of the act refers only to "boards of prison inspectors of penitentiaries." No matter how broad the statute itself may be, it cannot be greater in scope than its title; and when there is a specific repeal or amendment of a particular section, there is a clear implication that no further repeal or amendment was intended: Kilgore v. Com., 94 Pa. 495; Fedorowicz v. Brobst, 254 Pa. 338; Com. ex rel. v. Dale Borough, 272 Pa. 189.

In considering the Ludlow Act, the court has not overlooked Com. ex rel. v. McKenty, 52 Pa. Superior Ct. 332, and Com. v. Kalck, 239 Pa. 533. The Ludlow Act, however, does more than the previous acts attempted to do, and in neither previous case were the constitutional questions raised that are here presented.

With respect to the exercise of a judicial function being usurped by the legislature when it directed in the Ludlow Act how discretion should be used, attention is directed to section 1 of article V of the Constitution of Pennsylvania, which clearly defines the investiture of judicial authority. See, also, O'Conner v. Warner, 4 W. & S. 223; De Chastellux v. Fairchild, 15 Pa. 18; Com. v. Halloway, 42 Pa. 446; Baggs's Appeal, 43 Pa. 512; Richards v. Rote, 68 Pa. 248.

It is, therefore, the opinion of this court that the Ludlow Act is unconstitutional for the following reasons:

The title does not contain proper notice of the purpose of the bill. The only notice is that of an intention to amend section 6 of the Act of 1911, whereas, in reality, it amends that section and amends innumerable sections of penal statutes by reducing the sentences to imprisonment fixed therein: Section 3, article III, Constitution of Pennsylvania.

It has attempted to repeal and amend the said several acts of assembly fixing sentences in disregard of the constitutional requirements: Section 6, article III, Constitution of Pennsylvania.

It has usurped a judicial function by directing the discretion of the courts in such cases: Section 1, article V, Constitution of Pennsylvania.

Commonwealth *v.* Joseph Sweeney.

It has improperly classified convicts of the same grade by extending to those committed to county jails, houses of correction, or workhouses, the advantage of being discharged by the courts at any time, and by restricting those in penitentiaries to the parole provisions of the Act of June 19, 1911, P. L. 1055: Section 7, article III, Constitution of Pennsylvania.

The act is ambiguous, uncertain and contradictory. Instead of clarifying, it has confounded the system of paroles for prisoners serving indeterminate sentences. It has nullified the Transfer Act by making it impossible to transfer convicts to an institution where they would be taken out of the class to which they were committed when sentenced, and where their imprisonment could be reduced even below the minimum by the courts exercising the power vested by the Act of May 11, 1923, P. L. 204.