## Belair Estate

*Edward M. David*, for accountant.
*Bernard F. Siergiej*, for trustee.
*David S. Molod*, for Commonwealth.

SILVERSTEIN, J., April 24, 1972.—This trust arises under the will of Lewis D. Belair, who died on October 13, 1875, whereby he left the residue of his estate "In trust to keep the same invested and pay one-half the net income thereof to the Deacons of The Second Baptist Church for distribution from time to time among the deserving poor of the Congregation . . ." He further provided "If the religious and charitable disposition aforesaid shall become void then I give and bequeath the same one-half thereof to the children of my said grandson (Lewis D. Belair) and the other half thereof to the children of my said nephew (Leopold M. Promies) who may be living at the time of my decease."

The other half of his residuary estate has been distributed in accordance with the terms of his will.

This accounting of the fund awarded by the adjudication of Thompson, J., dated April 3, 1922, and Stearne, J., dated March 29, 1941, is occasioned by the fact that the Second Baptist Church has ceased to function.

The accountant takes the position (a) that the gift over fails, since the charitable disposition did not become void in testator's lifetime and (b) that since the Second Baptist Church has ceased to function, this is a proper matter for the application of the cy pres doctrine. He further suggests that the fund be transferred to the Philadelphia Baptist Association as a successor trustee, to be held by it and to distribute the net income to the deserving poor for their health, support and education or other such purposes, with preferences given to former members of the Second Baptist Church, those members of churches in the vicinity of the Second Baptist Church, and those members of churches which are in the Philadelphia Baptist Association.

A petition for cy pres, for discharge of trustee and for appointment of substituted trustee, duly executed by The First Pennsylvania Banking & Trust Company, Trustee, and consented to by the Attorney General of the Commonwealth of Pennsylvania and by the Philadelphia Baptist Association, is annexed.

David S. Molod, representing the Commonwealth of Pennsylvania, entered an appearance claiming such transfer inheritance tax as may be due and assessed, and the awards herein contained will accordingly be made subject thereto.

The primary effort of the court in resolving the issue herein presented, is to ascertain, if possible, testator's intent regarding the disposition of his benevolent gift as garnered from the four corners of the will.

This concerns the interpretation of the gift over "If the religious and charitable disposition shall become void . . ."

A careful reading of the will convinces me that it was testator's intent that the gift over be operative only in the event that his religious and charitable disposition became void in his lifetime and not as now, almost 100 years after his death. This is supported by the fact that testator made the gift over to certain relatives, who would be living at the time of his death. Consequently, if the charitable gift failed during testator's lifetime, it would pass immediately upon his death to the named legatees.

It is improbable that testator intended the gift over to apply at any time the religious and charitable disposition failed, or that he intended the contingency to continually exist for almost 100 years until such a time as the original charitable gift would fail.

I, therefore, conclude that the charitable gift vested upon the death of testator.

Having so concluded, there further remains the question of the application of the doctrine of cy pres.

It is clear that where a gift or bequest to a charitable or religious organization fails because the legatee ceases to exist, the court will apply the cy pres doctrine to approximate the intention of the testator: Curran's Estate, 310 Pa. 434 (1933); McCully Estate, 269 Pa. 122 (1920); Turner Estate, 28 D. & C. 2d 251 (1962); Brooks Estate, 2 Fid. Rep. 58 (1952).

The doctrine of cy pres is one of approximation. It cannot be approached as if it were in the nature of an exact science. Each case is sui generis and depends upon its own attending circumstances.

In applying the cy pres doctrine, the court exercises its discretion in such a manner as to award the fund to an institution, whose services it believes most nearly approximate the intention of the donor: Women's Ho-

moeopathic Hospital of Philadelphia Case, 393 Pa. 313 (1958); Restatement, Trusts §399; Estates Act of April 24, 1947, P. L. 100, sec. 10, 20 PS §301.10.

The Philadelphia Baptist Association is the parent organization for various Baptist Churches in the Philadelphia area, including the now dissolved Second Baptist Church. This association has a Good Shepherd Ministry program, which provides financial assistance directly to various organizations and individuals needing help, and would be the proper recipient, as successor trustee, of the trust fund set up by Lewis D. Belair.

Accordingly, by decree annexed, bearing even date herewith, the Philadelphia Baptist Association is appointed Substituted Trustee, under the will of Lewis D. Belair, in place of The First Pennsylvania Banking & Trust Company and the award hereinafter will be made accordingly . . .

And now, April 24, 1972, the account is confirmed nisi.