## Shetter's Estate.

Argued January 26, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Walter K. Sharpe,* with him *George W. Atherton* and *John McD. Sharpe,* for appellants.—The will of March 26, 1917, was revoked by the will or other writing duly executed by testator in 1923, containing an express clause of revocation of all wills up to that date and thus declaring a revocation as required by section 20 of the Wills Act of 1917.

The express revocation clause contained in the will or other writing executed by the testator in 1923 had a revocatory effect on the will of 1917 immediately upon execution: Ford's Est., 301 Pa. 183; Boudinot v. Bradford, 2 Dallas 266; Lawson v. Morrison, 2 Dallas 286; Flintham v. Bradford, 10 Pa. 82; Price v. Maxwell, 28 Pa. 23; Teacle's Est., 153 Pa. 219; Holmes's Est., 240 Pa. 537.

The express revocation contained in this will or other writing of 1923 remained effective until the will of 1917 was properly republished, regardless of the question of probate, because the statute does not limit revocation to wills alone but permits revocation by other writings as well: Price v. Maxwell, 28 Pa. 23.

The destruction by testator of the second will containing the express revoking clause does not revive and make effectual the charitable bequest contained in the first will which was expressly revoked by the second will: Flintham v. Bradford, 10 Pa. 82; Jack v. Schoenberger, 22 Pa. 416; Fransen's Will, 26 Pa. 202; Campbell v. Jamison, 8 Pa. 498; Kerchner's Est., 41 Pa. Superior Ct. 112; Forquer's Est., 216 Pa. 331; Holmes's Est., 240 Pa. 537.

The codicil of September 22, 1924, not being attested by two credible and disinterested witnesses, does not revive and make effectual the charitable bequest contained in the will of 1917, which had been expressly revoked by the paper of 1923; this, notwithstanding the fact that the codicil of 1924 may be entitled to probate: Hoffner's Est., 161 Pa. 331; Teacle's Est., 153 Pa. 219; Leech's Est., 236 Pa. 57; Krout's Est., 26 Pa. Dist. R. 509.

*Edwin D. Strite,* for appellee.—The codicil is not required to be attested by credible disinterested witnesses in order to sustain the validity of the bequest in the original will.

The will and codicil are valid and the original will is admittedly attested by credible disinterested witnesses.

The destruction of the intervening will with the intention to revive the original operates as a revival irrespective of the codicil: Lawson v. Morrison, 2 Dallas 286; Boudinot v. Bradford, 2 Dallas 266; Flintham v. Bradford, 10 Pa. 82; Kerchner's Est., 41 Pa. Superior Ct. 112; Manning's Est., 46 Pa. Superior Ct. 607; Stephenson's Est., 6 Pa. C. C. 628; Wulff's Est., 26 Pa. Dist. R. 144.

The fact, if it be a fact, that the codicil is not subscribed by two disinterested witnesses, does not invalidate the charitable bequest in the original will: Darlington's Est., 289 Pa. 297; Carl's App., 106 Pa. 635; Sloan's App., 168 Pa. 422; Morrow's Est., 204 Pa. 484; Wright's Est., 284 Pa. 334.

OPINION BY MR. JUSTICE SCHAFFER, March 16, 1931:

Following the death of Isaac L. Shetter on May 19, 1926, a will executed by him on March 26, 1917, was produced and probated, likewise a codicil thereto dated September 22, 1924.

After certain bequests, not necessary of recital, testator devised his entire estate to the Chambersburg Trust Company as trustee. The income therefrom he directed to be distributed to his children until the death of the last one surviving, upon the happening of which event, he provided the net income should be distributed and paid by the trust company, on the 15th day of December of each and every year, to such charity or charities as the trust company should deem to be most worthy, it to have full direction in the selection of the beneficiaries.

It was shown by oral testimony, that sometime during the summer or early fall of 1923, the decedent had an-

other will prepared, by an attorney, which contained a clause revoking all former wills. It was testified that it was wholly at variance with the one of March 26, 1917. This will remained in existence until September 22, 1924, on which day the testator destroyed it by tearing it up, and executed a codicil which he therein declared to be a codicil "to my last will and testament bearing date March 26, 1917." In it he made certain provisions not necessary to be set forth, as they have no bearing on the question before us, and then provided, "In other respects, I hereby confirm and republish my will as of above date as my last will and testament."

It is the contention of appellants, three of the four children of the testator, that the 1917 will was revoked by the one of 1923, and that as the codicil was not witnessed by two disinterested witnesses (two of its three subscribing witnesses being officers of and stockholders in the trust company) the republication of the earlier will by the codicil was inefficacious, so far as the charitable bequests are concerned, and that the bequest creating the trust fund for charity is, therefore, void. Appellants consequently ask that the entire fund be distributed to the children of the testator absolutely, as his heirs at law.

The orphans' court ruled otherwise and sustained the charitable bequests awarding the fund to the trustee. From its decree so directing the three children of the testator appeal.

At the time the court below reached its determination, Ford's Est., 301 Pa. 183, had not been decided. It had been, however, before this controversy was presented to us and it is commented upon in the briefs. From them it would appear that counsel do not seem to appreciate the full import of Ford's Estate. We there ruled that there can be no oral revocation of a will, saying (page 189), "We are not dealing, as the court below seems to have concluded, with an attempt to set up an oral revocation of the will of 1924. It was revoked

by writings admittedly signed by the testator, which writings so signed are produced...... [Page 194:] We are not dealing with an oral revocation alone but with written revocations admittedly signed by the testator. ...... The statute, however, does not limit revocation to 'some other will' but opens the door to 'other writing,' and does not say this 'other writing' may not be an ineffective will, so long as it appears, as it does here, that the testator signed it. We repeat, this is not the case which appellee argues would offend the law, revocation by 'oral evidence of declarations and of equivocal circumstances.' Alone the oral declarations would not suffice, but coupled with the two undisputed writings, they do. The statute does not say 'by writing other than a will' but 'other writing.'" We determined that the earlier will there probated was invalid because it had been revoked by two subsequent writings, signed by testator, and which were produced with his signature thereto, fulfilling the requirement of the Wills Act of June 7, 1917, P. L. 403, section 20, of repeal by "other writing." In the pending case, no "other writing" is produced. It is attempted to be shown, by the testimony of witnesses that there was a subsequent will which contained a clause revoking the earlier one, but that writing is not brought forward, indeed it is shown by their testimony that it was destroyed. The earlier will could not be repealed and wiped out in this way. It cannot be shown by oral testimony alone that a will has been revoked. A writing declaring its revocation must be produced, signed by the decedent, before an earlier will can be rendered nugatory. We are not much concerned, however, with the revocatory effect of the second will, for appellants admit that the 1917 will is the last will and testament of decedent; the burden of their argument is that since that will owes its life to the codicil and the codicil is not attested by two disinterested witnesses, the charitable bequests of the 1917 will are ineffectual. To this there is an additional answer to that

already given. As the charitable bequests in the 1917 will were valid, it being properly "attested" as required by the statute, by two credible, and, at the time, disinterested witnesses, the fact that the codicil may not have been so witnessed has no effect upon the charitable bequests. This is in line with our ruling in Darlington's Est., 289 Pa. 297, wherein we held that a codicil operating as a republication of a will within thirty days of the death of the testator did not affect charitable bequests in the will.

The decree of the court below awarding the fund to the Chambersburg Trust Company, trustee under the trusts created by the will of the testator, is affirmed at appellants' cost.