## Koehler's Estate.

Argued September 25, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. B. Dworken,* with him *J. A. Stranahan,* of *Stranahan & Sampson,* for appellant.

*Fred A. Service,* of *Service, McNeal & Cusick, Emrys G. Francis, Davis, Fruit & Anderson* and *W. Walter Braham,* of *Braham, Cobau & Berry,* for appellees, were not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, November 26, 1934:

The appeals before us involve the disposition of the estate of Frederick W. Koehler, who died January 20,

1933. Following his death, there was admitted to probate a duly executed will dated January 24, 1921, which was found among decedent's personal papers, in a desk in the room in which he slept and where he died. An appeal from the probate was taken to the orphans' court, appellants in their petition averring they believed and expected to be able to prove that, in the summer or fall of 1929, decedent had executed another will revoking the one of 1921; that decedent had taken possession of this later will; and though search had been made, the instrument had not been found. The prayer of appellant's petition is that an issue be awarded to determine whether or not Frederick W. Koehler executed a writing in 1929 which revoked the will of 1921, or whether the latter was his last will and testament. While the petition states the alleged later will differed materially, in the number and amount of bequests, from the earlier testament, no attempt is made to establish the one of 1929 in place of the probated will; in fact petitioners admit their inability to produce it and fail to allege fraud in connection with its disappearance. The sole object of appellant, as it appears from the petition and the argument in this court, is to prove that the will of 1921 was revoked by a clause of the one of 1929,—to be regarded either as a will or as "some other writing,"—and that an intestacy results.

Appellants further entered a rule for a commission to take the testimony on interrogatories of Paul P. Wentz of Hollywood, California, who is named in the petition as one of the two witnesses to decedent's will of 1929.

The court below correctly held that, under section 20 of the Wills Act of 1917, P. L. 403, a will could not thus be annulled by parol testimony of an unproduced written revocation; that revocation could be established only by a writing produced, as was done in Ford's Est., 301 Pa. 183, where a copy of a subsequent will revoking an earlier one was properly proved and admitted in

evidence, together with the fragments of a still later will which had been crumpled and torn by direction of decedent. These writings, together with oral testimony introduced, were held sufficient to show a revocation of the existing will. In Shetter's Est., 303 Pa. 193, after explaining the effect of Ford's Est., supra, we said (page 197): "It is attempted to be shown, by the testimony of witnesses, that there was a subsequent will which contained a clause revoking the earlier one, but that writing is not brought forward, indeed it is shown by their testimony that it was destroyed. The earlier will could not be repealed and wiped out in this way. It cannot be shown by oral testimony alone that a will has been revoked. A writing declaring its revocation must be produced, signed by the decedent, before an earlier will can be rendered nugatory." See also Harrison's Est., 316 Pa. 15, 20, where Ford's Estate and Shetter's Estate are cited and the rule there stated is followed. Oral testimony that testator's 1921 will had been revoked not being admissible, the court below properly refused to sanction interrogatories for that purpose.

The order of the court below sustaining objections to the rule for a commission to take testimony, and the decree dismissing the petition and quashing the appeal from the probate of the will and sustaining the will as probated, are both affirmed. Costs to be paid out of the estate.

Mr. Justice LINN dissented.