## Reiniger's Estate

*E. Carroll Schaeffer*, for petitioner.

MARX, P. J., July 15, 1939. — The petition of Anna Marie Reiniger et al., children of Daniel J. Reiniger, deceased, seeks termination of the trust established on a portion of one seventh of the residue of his estate under the fourth item of his will.

Having directed the conversion of the residue of his estate and the division of the proceeds thereof into seven equal shares, testator disposed, as to one of said seven shares, as follows:

"Out of the one of the said seven shares I give and bequeath to my daughter Anna Marie, the sum of One Thousand ($1000.) Dollars and the remainder of the said share I give and bequeath to the Reading Trust Company of Reading, Penna. In Trust However, to keep the same

securely invested and pay the income thereof, less its proper charges to my said daughter Anna Marie, in quarterly payments for and during the term of her natural life. And if at any time a greater sum than the income arising therefrom should be necessary for the comfort and happiness of my said daughter, I authorize and empower the said trustee to pay out of the principal such sum as in its judgment is needful. And at her death I direct the said Trustee to pay the remainder of the principal to such persons as she may by will direct, or, should she die intestate, then and in that case to her heirs at law."

Anna Marie Reiniger, life beneficiary under the recited disposition, and her six brothers and sisters, all sui juris, and under no disabilities, join in this petition, asking that the trust be decreed terminated. The petition represents that they are all and the only parties interested in the estate of decedent and of that portion thereof upon which the testamentary trust was imposed; that said Anna Marie Reiniger is the named life beneficiary and the other six parties to the petition are those "who would presently be heirs at law of the said Anna Marie Reiniger should she die intestate". The Reading Trust Company, designated trustee, on February 5, 1938, filed of record in this court a renunciation of the trust here conferred, declined the appointment as trustee, and stated that no money or other valuable thing had come into its hands as an asset of the trust. Subject to the absolute gift of $1,000, the trust confers upon Anna Marie Reiniger an estate for life, with a limited right of consumption of principal and with a general power of appointment, by will, and, in default of such appointment, the estate in remainder is to vest in her heirs at law.

Appended to this petition is the separate petition of Anna Marie Reiniger, life beneficiary, setting forth that she executed a last will and testament, in writing, and asking leave to file the same in the office of the register of wills of this county, to be impounded there during her

natural life, and probated after her death, reserving to her only the right to make one or more subsequent wills. Her purpose is "that she . . . shall not die intestate".

The trust contains no spendthrift clause nor any testamentary provision barring termination or requiring a continuance of the trust.

Petitioners are entitled to the relief sought, but not upon the ground on which their request is based. The life beneficiary undertakes to defeat the alternative provision of the gift in remainder to her heirs at law by the present execution of a will and the placing of that will beyond her possession or control. Her attempt is ineffective. A will is essentially ambulatory, revocable until death. It is ineffective until death and speaks as of the time of the death of the maker. We know of no provision of law authorizing a register of wills to hold or impound a living person's will, denying the right of the maker to demand or recall it. In that respect the register of wills rises no higher than any other citizen. Until death no one has a right to, in, or under a will excepting the maker. Upon his call, it would seem that surrender of the will, by the one holding it, is required. Were this position of the life beneficiary correct, she could nevertheless, die intestate, if she desired. Under the very terms of section 20(a) of the Wills Act of June 7, 1917, P. L. 403, a will may be revoked by "some other will or codicil in writing, or other writing declaring the same, executed and proved in the manner hereinbefore provided; or by burning, cancelling, obliterating, or destroying the same by the testator himself, or by someone in his presence and by his express direction." In Ford's Estate, 301 Pa. 183, it was held, inter alia, that the words, "other writing", aforesaid, covered and included a paper in the form of a will, which for legal reasons cannot be probated as a will. (See also Shetter's Estate, 303 Pa. 193.) In the latter case, at page 197, the Supreme Court said: " 'The statute, however, does not limit revocation to "some other will" but opens the door to "other writing," and does not say this "other writing"

may not be an ineffective will, so long as it appears, as it does here, that the testator signed it.' " In Bassett's Estate, 18 D. & C. 242, an informal writing, addressed to whom it may concern, alleged the forced execution of a will, and added: "which I declare now that that shall not stand". This was held sufficient to revoke the will and cause decedent to die intestate. Clearly, petitioners' present attempt to avoid intestacy is defeasible.

Petitioners are, however, entitled to the relief sought, termination of the trust. The trust is for life, with a power of appointment. In default of appointment, the estate passes to the heirs at law of the life beneficiary.

Dodson v. Ball, 60 Pa. 492, is authority for the proposition that "when an estate for *life* only is given, followed by a general power of appointment, and on failure to appoint, to children or to special heirs, the power to appoint will not enlarge the estate of the cestui que trust to a fee, and on a failure to appoint, the children or special donees in remainder take by purchase from the donor, and not by way of limitation as heirs of the cestui que trust. . . . A limitation to heirs on a failure to appoint, unquestionably enlarges a life estate to a fee by the union of estates".

In the case of Long et al. v. Tradesmens National Bank & Trust Co., 108 Pa. Superior Ct. 363, the settlor reserved a life estate and directed payment of the remainder to his estate after death, subject to disposition by will and testament. The deed of trust provided that in default of such will and testament the trust estate should pass "to such person, or persons, as would be entitled to the same had the said [settlor] died a resident of Pennsylvania, and possessed thereof." It was held that there were no vested interests; that the right of appointment was general, and the settlor, consequently, entitled to termination of the trust at will.

In the instant case the power of appointment was general and the disposition of the estate in remainder, in default of an appointment, was to the heirs at law of the

life beneficiary. Under the authorities cited the life beneficiary alone has an interest in the estate in remainder and is entitled to termination of the trust. See Stafford's Estate, 258 Pa. 595, 598.

It is accordingly decreed, as to estates real and personal, included under the recited terms of the testamentary trust, the trust be and the same is now terminated and that the estate therein of the said Anna Marie Reiniger be and is an absolute estate, or estate in fee.