## Leonard Estate.

Argued September 26, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Charles E. Marker,* with him *Clarence F. McBride,* and *Scales and Shaw,* for appellants.

*George R. Craig,* with him *Charles T. Bonos, Jr., George Wilson McKeag, John M. Noel, Avra N. Pershing, Jr., Howard M. Whitehead* and *Carl M. Seiler,* for appellees.

OPINION BY MR. JUSTICE JONES, November 14, 1967:

This is an appeal from the decree of the Orphans' Court of Westmoreland County.

A. L. Leonard, alias dictus Alexander L. Leonard, died on December 28, 1963, a resident of Westmoreland County, Pa. His last will and testament, dated December 16, 1963, was admitted to probate by the Register of Wills of Westmoreland County on January 2, 1964. This last will and testament of decedent contained various charitable devises and bequests including a residuary clause whereby the residuary estate was given to Peoples Union Bank and Trust Company in trust to distribute the income to various charitable institutions.

The testator died within thirty days of the execution of his last will and testament. A hearing was held before the Register of Wills in order to determine the validity of these charitable gifts.[1] The evidence

---

[1] The executor presented a petition to the Orphans' Court praying that the first will be filed with the last will and that the charitable bequests contained in the last will be declared valid gifts. The court ordered that a citation issue directing the testator's three nieces and seven grand-nieces and grand-nephews, his heirs at law, to show cause why the prayer of the petition should

disclosed that the decedent had executed three wills and a codicil during his lifetime.[2]

The first will was dated May 22, 1958. This will was delivered to Carl M. Seiber, Esquire, when the decedent visited Mr. Seiber's office on October 28, 1963, for the purpose of preparing a new will. This will then remained in the custody of Mr. Seiber. There were some notations made on the will by the decedent and others made by Mr. Seiber, all for the purpose of assisting in the preparation of a new will for the decedent. This new will was executed on November 8, 1963. Neither the original nor a copy of this November 8, 1963 will was in existence when the testator died. On December 3, 1963, the testator duly executed a codicil to the will dated November 8, 1963.

A third will, dated December 16, 1963, was admitted to probate as the testator's last will.

All three of these wills contained substantially similar charitable bequests.

The sole question to be determined is whether the appellants should be permitted to establish, by oral testimony alone, an alleged revocation clause in the alleged November 8, 1963 will, which clause revoked

---

not be granted. Six of the ten persons cited appeared through counsel and filed an answer. Their counsel then took the depositions of Carl M. Seiber, Esquire, and his secretary, which depositions are referred to hereinafter. At the hearing in the Orphans' Court counsel for the charities objected to the admission of any oral testimony as to the contents of a will dated November 8, 1963. This objection was sustained by the lower court.

[2] All of the documents were prepared by Carl M. Seiber, Esquire. The depositions of the said Carl M. Seiber, Esquire, and his secretary, Catherine M. Murrman, were taken. These depositions also revealed that at the time of the making of the December 16, 1963 will and all other wills and copies, Mrs. Murrman destroyed the copy of the November 8, 1963 will and the copy of the May 22, 1958 will. Mrs. Murrman did not destroy the original of the May 22, 1958 will nor the codicil to the November 8, 1963 will because they were placed in the personal file of Mr. Seiber.

the May 22, 1958 will.   Section 5 of the Wills Act of
1947[3] provides the manner in which a will may be
revoked.   The appellants are seeking to show that
§7(1) of the Wills Act of 1947[4] does not save the
charitable gifts because the alleged will of November
8, 1963 revoked or superseded the will of May 22,
1958.

The original of the will dated May 22, 1958, is in
existence and was admitted to probate.   The charitable

---

[3] Section 5 of the Wills Act of 1947 (Act of April 24, 1947,
P. L. 89, 20 P.S. §180.5) provides as follows: "No will or codicil
in writing or any part thereof, can be revoked or altered otherwise
than:   (1) Will or Codicil.   By some other will or codicil in
writing.   (2) Other Writing.   By some other writing declaring the
same, executed and proved in the manner required of wills, or (3)
Act to the Document.   By being burnt, torn, canceled, obliterated
or destroyed, with the intent and for the purpose of revocation,
by the testator himself or by another person in his presence and by
his express direction.   If such act is done by any person other than
the testator, the direction of the testator must be proved by the
oaths or affirmations of two competent witnesses."

[4] Section 7(1) of the Wills Act of 1947 (Act of April 24, 1947,
P. L. 89, 20 P.S. §180.7), provides as follows: "Any bequest or
devise for religious or charitable purposes included in a will or
codicil executed within thirty days of the death of the testator
shall be invalid, unless all who would benefit by its invalidity agree
that it shall be valid.   The thirty-day period shall be so computed
as to include the day on which the will or codicil is written and
to exclude the day of death.   Unless the testator directs otherwise,
if such a will or codicil shall revoke or supersede a prior will or
codicil executed at least thirty days before the testator's death, and
not theretofore revoked or superseded and the original of which
can be produced in legible condition, and if each instrument shall
contain an identical gift for substantially the same religious or
charitable purpose, the gift in the later will or codicil shall be
valid; or if each instrument shall give for substantially the same
religious or charitable purpose a cash legacy or a share of the
residuary estate or a share of the same asset, payable immediately
or subject to identical prior estates and conditions, the later gift
shall be valid to the extent to which it shall not exceed the prior
gift."

gifts made in this will are substantially similar to the charitable gifts made in the will dated December 16, 1963, which was admitted to probate as the last will of the decedent. The codicil dated December 3, 1963, is not inconsistent with and does not revoke the will of May 22, 1958.

Oral testimony alone that the will of May 22, 1958, was revoked by an alleged will dated November 8, 1963 is not sufficient to prove revocation and such evidence is not admissible: *Shetter's Estate,* 303 Pa. 193, 197, 154 A. 288 (1931); *Koehler's Estate,* 316 Pa. 321, 323, 175 A. 424 (1934).

Since our law will not permit the appellants to prove the revocation of the May 22, 1958 will by oral testimony alone, we need not consider the merits of the other contentions raised. Section 7(1) of the Wills Act of 1947 saves the charitable bequests contained in the last will of the decedent to the extent they do not exceed the bequests in the 1958 will, notwithstanding the death of the testator within thirty days of the date of its execution.

The decree of the court below is affirmed.

Each party pay own costs.