## Haig Estate

Robert C. Grasberger, accountant.

Tom P. Monteverde and George W. McKeag, for Tenth Presbyterian Church.

W. Joseph Harrison III, for Administrative Commission of Presbytery of Philadelphia.

ADJUDICATION BY TAXIS, J., MAY 20, 1981:

*** At the time of audit, the court was asked to decide whether the decedent intended that 38% of the residue pass to the Tenth Presbyterian Church of Philadelphia ("Tenth Church") which has withdrawn from its denominational affiliation with the United Presbyterian Church in the U.S.A. ("UPCUSA") or whether the legacy should be distributed to the denomination itself.

Decedent died on December 10, 1979, leaving a will dated July 13, 1965 with codicil thereto dated August 17, 1978. ***

By Item Second (15), decedent disposed of the balance of the residue as follows:

(15) Thirty-eight Percent (38%) thereof to the *Tenth Presbyterian Church* of Philadelphia, Pennsylvania, to be used as the Session of the said Church, in its absolute discretion, deems best. It is my hope that if there is any indebtedness on the Church that these funds be applied to repay this obligation.

By Item Second of his codicil, decedent ratified and confirmed his will as it stood, other than the change made by codicil not here relevant.

On December 22, 1980, the Administrative Commission of Tenth Church, appointed by the Presbytery of Philadelphia ("Presbytery"), filed its claim to the legacy of 38% of residue of this estate. A brief recital of those facts is required to understand the issue raised by this claim.

The Presbytery argues that it is an unincorporated ecclesiastical judicatory for the Philadelphia area made up of 162 constituent congregations. The Tenth Church is a constituent church of the Presbytery. On March 9, 1980, the congregation of Tenth Church, pursuant to a meeting, adopted a resolution terminating its relationship with Presbytery and the highest judicatory of the UPCUSA. The Presbytery refused to approve the attempt of the Tenth Church to sever its connection with the denomination. Presbytery appointed an Administrative Commission to be the Session of the Tenth Church and demanded that Tenth Church enter into communications with the Presbytery and the Administrative Commission for purposes of resolving the differences with respect to its assets, both real and personal.

In April, 1980, the Presbytery filed a complaint in equity in Philadelphia County. The complaint alleges that the Administrative Commission is the Session of the Tenth Church and that all assets, both real and personal, including all records, should be delivered to the Administrative Commission. Therefore, Presbytery views the Administrative Commission as the duly constituted Session of the Tenth Church and, as such, it should receive the residuary bequest of this decedent. Counsel for the Presbytery asserts that the Philadelphia matter should come to trial in Spring of 1981 at which time the question of title will be resolved. In view of this fact, Presbytery requests that the bequest to Tenth Church be awarded

back to the accountant pending final disposition of the litigation in Philadelphia.

Tenth Church has filed an answer to the claim of Presbytery in which it avers that Tenth Church is a Pennsylvania nonprofit corporation whose function is to hold property for the religious congregation of the same name and to manage that property in such manner as may be directed by the Session. Tenth Church denies that it is a particular church of the UPCUSA or that the Presbytery has any jurisdiction over the congregation of Tenth Church because the congregation and its corporation at a joint meeting terminated their association with the UPCUSA on March 9, 1980. Tenth Church further denies that the actions taken by the Presbytery were in accordance with the Book of Order of the UPCUSA or that the Book of Order conferred any authority upon the Presbytery to take the actions which it allegedly took.

The Tenth Church takes the position that the bequest should be distributed to the Church because it was the intent of the decedent to leave 38% of his residuary estate to the Tenth Church. Furthermore, the question of title to this bequest *arose three months following* the death of the decedent.

Decedent made his bequest to the Tenth Presbyterian Church of Philadelphia, Pennsylvania, to be used by the "Session" as it deemed best. At the time the will was written and at the death of the decedent, only one Tenth Presbyterian Church existed in Philadelphia. It worshipped at 17th & Spruce Streets, its pastor was Dr. Boice and its congregation was well-known to the decedent. After the death of the decedent, Tenth Church withdrew from its denominational affiliation with the UPCUSA. Thereafter, the Presbytery established an Administrative Commission to act as the Session of the Tenth Presbyterian Church. Although the Administrative Commission has been established to act as the "Session" of Tenth Presbyterian Church, it has no corporate charter, no congregation, and holds no services. Thus, at the time of decedent's death, no ambiguity existed as to the identity of Tenth Church.

Where, as here, there is no question as to the identity of the beneficiary, parol evidence is not admissible: *Darlington's*

*Est.*, 289 Pa. 297, 303. Where a person or entity exists which satisfies the terms of the will and to which they are perfectly applicable, there is no latent ambiguity and extrinsic evidence is not admissible: *Berks County Tuberculosis Society Ap.*, 418 Pa. 112. As to the identity of the charity, *Burch's Est.*, 24 FIDUC. REP. 90, 94, in a question of possible ambiguity, stated that where an organization with the exact name as described in the will was not in existence at the time the will was written but there was an organization close to the home of the decedent with a similar name, that such organization will be the recipient of the legacy. The matter before the court presents a clearer picture than that in the above-cited estate. The charity named by decedent was in existence at the time decedent executed his will, at the time decedent executed his codicil, and at the time of decedent's death. Only one worshipping congregation was known to the decedent. The intention of the decedent governs the disposition of the legacy.

The issue of whether or not the congregation of Tenth Presbyterian Church should be permitted to use the bequest in view of the events which occurred on and subsequent to March 9, 1980, is not an issue to be determined by this court. Delaying the distribution of this bequest does not resolve the problem and, in fact, runs counter to the expressed intention of the decedent. Decedent specifically bequeathed the residuary share to be used as the Session "in its absolute discretion deems best." ***